UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. MANCUSO ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case Number 06 |
| ) | |
| KATHLEEN S. MANCUSO, individually; ) | **06 C 50131** |
| UNITED STATES DEPARTMENT OF VETERANS ) | |
| AFFAIRS, a body politic; ) | |
| VETERANS OF FOREIGN WARS OF THE UNITED ) | |
|   STATES, an organization; ) | **FILED** |
| ILLINOIS DEPARTMENT OF VETERANS AFFAIRS, ) | |
| a body politic; ) | JUL 1 2 2006 |
| CARL V. DiGARZIA, individually; ) | |
| JEFF WILLIS, individually; ) | MICHAEL W. DOBBINS, CLERK |
|     Defendants ) | UNITED STATES DISTRICT COURT |

## Complaint

Now Comes the above named Plaintiff, CHRISTOPHER E. MANCUSO, by his attorney, J. F. Heckinger, P.C. and as and for a cause of action against KATHLEEN S. MANCUSO, individually; the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, a body politic; VETERANS OF FOREIGN WARS OF THE UNITED STATES, a body politic; ILLINOIS DEPARTMENT OF VETERANS AFFAIRS, a body politic; CARL V. DiGARZIA, individually; and JEFF WILLIS, individually, Defendants, and alleges as follows:

**Statement of Facts**

1.    Plaintiff Christopher E. Mancuso is a disabled veteran who had military and medical records that were to be protected under the Constitution and the laws of the United States and the State of Illinois. Plaintiff Christopher E. Mancuso brings this action persuant to

and under the authority of the "Civil Rights Act," Title 42 U.S.C. Sec. 1983, *et seq.* Plaintiff is a resident of Winnebago County, and he has been a resident of Winnebago County at all times material to this action. This action is brought to address rights and privileges guaranteed by the Constitution and the laws of the United States and the State of Illinois, particularly those rights protecting the Plaintiff from invasion of his privacy without due process of the law.

2. Defendant United States Department of Veterans Affairs is a body politic, it is a department of the United States government, and its principal offices are located in Washington, D.C.

3. Defendant Veterans of Foreign Wars of the United States is an organization whose principal offices are located in Washington, D.C.

4. Defendant Illinois Department of Veterans Affairs is a body politic, a department of the State of Illinois, and its principal offices are located in Springfield, Sangamon County, Illinois.

5. Defendant Carl V. DiGarzia, is an adult resident of Chicago, Cook County, Illinois at all times material hereto he is and he has been an administrator for the Veterans of Foreign Wars of the United States.

6. Defendant Jeff Willis is an adult resident of Rockford, Winnebago County, Illinois, and at all times material hereto he is and he has been an administrator for the Illinois Department of Veterans Affairs.

7. Defendant Kathleen S. Mancuso, is an adult resident of Rockford, Winnebago County, Illinois.

8. Pursuant to United States and Illinois law, Plaintiff was entitled to have his military and medical records protected from third parties and the privacy of said records.

9. In violation of United States and Illinois law, the Defendants have allowed and assisted third parties to have access to and control of the Plaintiff's military records and well as his financial and medicaly records as follows:

> A. On July 21, 1997, Plaintiff signed VA Form 21-22 appointing the veterans service organization, Disabled American Veterans as Plaintiff's legal power of attorney for matters with the Defendant United States Department of Veterans Affairs. *See exhibit 1.*
> B. Without the Plaintiff's knowledge or authority, the Plaintiff's ex-wife, Defendant Kathleen S. Mancuso, with the assistance and guidance of Defendants Veterans of Foreign Wars of the United States, Illinois Department of Veterans Affairs, Carl V. DiGrazia, and Jeff Willis fraudulantly revoked Plaintiff's legal power of attorney away from the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through the Veterans of Foreign Wars on or about February 19, 2004. *See exhibit 2*
> C. That in completing VA Form 21-22 the Defendant, Kathleen S. Mancuso, fraudulently misrepresented herself as a veteran, in violation of federal law, with the assitance of the Defendants, Veterans of Foreign Wars of the United States, Illinois Department of Veterans Affairs, Carl V. DiGarzia, and Jeff Willis while she and all the previously named Defendants knew or should have known that Kathleen S. Mancuso was not a veteran.
> D. That Defendant Kathleen S. Mancuso used the fraudulently obtained power of attorney from the Plaintiff to file VA Form 21-0519S-1 with the assistance or approval of all other Defendants to file a claim on behalf of the emancipated adult son of Plaintiff Mancuso and Defendant Mancuso, Nicholas Mancuso, alledging he was in her cutsody and describing him inaccurately as an "umarried adult-child." *See exhibit 3*
> E. That Defendant Kathleen S. Mancuso, in violation of the laws of the United States and Illinois, used the fraudulently obtained power of attorney from the Plaintiff, Christopher E. Mancuso, to libel the Plaintiff repeatedly while she was allegedly seeking apportionment of Plaintiff's disability payments.

### Count I

1-9. Plaintiff repeats and realleges the allegations in Paragraphs One through Eight in the Statement of Facts as Paragraphs One through Three of Count I as if fully set forth herein.

10. That the Defendant Kathleen E. Mancuso, in violation of the laws of the United States and Illinois, gained access and control of the Plaintiff's military records, as well as his financial and medical records as follows:

A. Without the Plaintiff's knowledge or authority, the Plaintiff's ex-wife, Defendant Kathleen S. Mancuso, with the assistance and guidance of Defendants Veterans of Foreign Wars of the United States, Illinois Department of Veterans Affairs, Carl V. DiGrazia, and Jeff Willis fraudulently revoked Plaintiff's legal power of attorney away from the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through the Veterans of Foreign Wars on or about February 19, 2004. *See exhibit 2*

B. That in completing VA Form 21-22 the Defendant, Kathleen S. Mancuso, fraudulently misrepresented herself as a veteran, in violation of federal law, with the assitance of the Defendants, Veterans of Foreign Wars of the United States, Illinois Department of Veterans Affairs, Carl V. DiGarzia, and Jeff Willis while she and all the previously named Defendants knew or should have known that Kathleen S. Mancuso was not a veteran.

C. That Defendant Kathleen S. Mancuso used the fraudulently obtained power of attorney from the Plaintiff to file VA Form 21-0519S-1 with the assistance or approval of all other Defendants to file a claim on behalf of the emancipated adult son of Plaintiff Mancuso and Defendant Mancuso, Nicholas Mancuso, alledging he was in her cutsody and describing him inaccurately as an "umarried adult-child." *See exhibit 3*

WHEREFORE, the Plaintiff respectfully prays that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plues the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

**Count II**

1-8. That the Plaintiff, Christopher E. Mancuso, repeats and realleges Paragraphs One through Eight of the Statement of Facts as Paragraphs One through Three of Count II as if fully set forth herein.

9. That Defendant United States Department of Veterans Affairs, in violation of the laws of the United States, released personal information regarding Plaintiff Christopher E. Mancuso to Defendant Kathleen S. Mancuso while Defendant United States Department of Veterans Affairs knew or should have known that Kathleen S. Mancuso was not entitled to the

information.

WHEREFORE, it is respectfully prayed that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

### Count III

1-8. That the Plaintiff, Christopher E. Mancuso, repeats and realleges Paragraphs One through Eight of the Statement of Facts as Paragraphs One through Three of Count III as if fully set forth herein.

9. That the Defendant Veterans of Foreign Wars of the United States, in violation of United States and Illinois law, assisted Defendant Kathleen E. Mancuso in gaining access and control of the Plaintiff's military records, as well as his financial and medical records as follows:

> A. Without the Plaintiff's knowledge or consent Defendant Veterans of Foreign Wars of the United States assisted and guided Defendant Kathleen E. Mancuso in completing VA Form 21-22 and thereby fraudulently revoking Plaintiff's legal power of attorney with the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through Defendant Veterans of Foreign Wars of the United States on or about February 19, 2004.
>
> B. That Defendant Veterans of Foreign Wars of the United States assisted Defendant Kathleen S. Mancuso in fraudulently misrepresenting herself as a veteran while Defendant Veterans of Foreign Wars of the United States knew or should have known that Defendant Kathleen S. Mancuso was not a veteran.
>
> C. That Defendant Veterans of Foreign Wars of the United States assisted Defendant Kathleen S. Mancuso in filing a claim on behalf of the parties emancipated adult son, Nicholas Mancuso, alleging he was in Defendant Kathleen S. Mancuso's custody and inaccurately descrbing him as an unmarried adult-child.

WHEREFORE, the Plaintiff, Christopher E. Mancuso respectfully prays that this Court

award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

**Count IV**

1-8. That the Plaintiff, Christopher E. Mancuso, repeats and realleges Paragraphs One through Eight of the Statement of Facts as Paragraphs One through Three of Count IV as if fully set forth herein.

9. That the Defendant Illinois Department of Veterans Affairs, in violation of United States and Illinois law, assisted Defendant Kathleen E. Mancuso in gaining access and control of the Plaintiff's military records as well as his financial and medical records as follows:

   A. Without the Plaintiff's knowledge or consent Defendant Illinois Department of Veterans Affairs assisted and guided Defendant Kathleen E. Mancuso in completing VA Form 21-22 and thereby fraudulently revoking Plaintiff's legal power of attorney with the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through Defendant Veterans of Foreign Wars of the United States on or about February 19, 2004.

   B. That Defendant Illinois Department of Veterans Affairs assisted Defendant Kathleen S. Mancuso in fraudulently misrepresenting herself as a veteran while Defendant Veterans of Foreign Wars of the United States knew or should have known that Defendant Kathleen S. Mancuso was not a veteran.

   C. That Defendant Illinois Department of Veterans Affairs assisted Defendant Kathleen S. Mancuso in filing a claim on behalf of the parties emancipated adult son, Nicholas Mancuso, alleging he was in Defendant Kathleen S. Mancuso's custody and inaccurately descrbing him as an unmarried adult-child.

WHEREFORE, the Plaintiff, Christopher E. Mancuso respectfully prays that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper

for the violations of his rights.

## Count V

1-8.    That Plaintiff Christopher E. Mancuso repeats and realleges Paragraphs One through Eight of the Statement of Facts as Paragraphs One through Three of Count V as if fully set forth herein.

9.    That the Defendant Carl V. DiGarzia, in violation of United States and Illinois law, assisted Defendant Kathleen E. Mancuso in gaining access and control of the Plaintiff's military records as well as his financial and medical records as follows:

> A. Without the Plaintiff's knowledge or consent Defendant Carl V. DiGarzia assisted and guided Defendant Kathleen E. Mancuso in completing VA Form 21-22 and thereby fraudulently revoking Plaintiff's legal power of attorney with the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through Defendant Veterans of Foreign Wars of the United States on or about February 19, 2004.
>
> B. That Defendant Carl V. DiGarzia assisted Defendant Kathleen S. Mancuso in fraudulently misrepresenting herself as a veteran while Defendant Carl V. DiGarzia knew or should have known that Defendant Kathleen S. Mancuso was not a veteran.
>
> C. That Defendant Carl V. DiGarzia assisted Defendant Kathleen S. Mancuso in filing a claim on behalf of the parties emancipated adult son, Nicholas Mancuso, alleging he was in Defendant Kathleen S. Mancuso's custody and inaccurately descrbing him as an unmarried adult-child.

WHEREFORE, it is respectfully prayed that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

## Count VI

1-8.    That Plaintiff Christopher E. Mancuso repeats and realleges Paragraphs One

through Eight of the Statement of Facts as Paragraphs One through Three of Count VI as if fully set forth herein.

9.  That the Defendant Jeff Willis, in violation of United States and Illinois law, assisted Defendant Kathleen E. Mancuso in gaining access and control of the Plaintiff's military records as well as his financial and medical records as follows:

> A. Without the Plaintiff's knowledge or consent Defendant Jeff Willis assisted and guided Defendant Kathleen E. Mancuso in completing VA Form 21-22 and thereby fraudulently revoking Plaintiff's legal power of attorney with the Disabled American Veterans and assigned the power of attorney to Defendant Kathleen S. Mancuso through Defendant Veterans of Foreign Wars of the United States on or about February 19, 2004.
>
> B. That Defendant Jeff Willis assisted Defendant Kathleen S. Mancuso in fraudulently misrepresenting herself as a veteran while Defendant Jeff Willis knew or should have known that Defendant Kathleen S. Mancuso was not a veteran.
>
> C. That Defendant Jeff Willis assisted Defendant Kathleen S. Mancuso in filing a claim on behalf of the parties emancipated adult son, Nicholas Mancuso, alleging he was in Defendant Kathleen S. Mancuso's custody and inaccurately descrbing him as an unmarried adult-child.

WHEREFORE, it is respectfully prayed that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

## Count VII

1-8.  That Plaintiff Christopher E. Mancuso repeats and realleges Paragraphs One through Eight of the Statement of Facts as Paragraphs One through Three of Count VII as if fully set forth herein.

9.  That Defendant Kathleen S. Mancuso, in violation of the laws of the United States

and Illinois, used the fraudulently obtained power of attorney from the Plaintiff, Christopher E. Mancuso, to libel the Plaintiff repeatedly while she was allegedly seeking apportionment of Plaintiff's disability payments, including the following libelous per se statements:

    A.    That the Plaintiff, Christopher E. Mancuso, was hiding assets to avoid paying for child support.
    B.    That the Plaintiff defied a court order and transfer possession of some of his assets to the Plaintiff's wife.
    C.    That the Plaintiff violated the laws of the United States and Illinois by having a drug problem.
    D.    That the Plaintiff fraudulently sought help from the United States Department of Veterans Affairs for a drug problem under the guise of treatment for post traumatic stress disorder.
    E.    And other statements that Defendant Kathleen S. Mancuso made while seeking and after having received the Plaintiff's protected medical and military records that unlawfully caused injury to the Plaintiff.

WHEREFORE, it is respectfully prayed that this Court award damages to the Plaintiff in an amount in excess of $1,000,000.00 plus the costs of suit including attorneys fees and whatever further penalties the Court may deem necessary and proper for the violations of his rights.

CHRISTOPHER E. MANCUSO, Plaintiff,

By: _____

J. F. HECKINGER, P.C., His Attorney

Prepared by:

J. F. HECKINGER, P.C.
Attorney for Plaintiff
401 West State Street, Suite 201
P.O. Box 1492
Rockford, IL 61105-1492
(815) 965-2121

## JURY DEMAND

NOW COMES the Plaintiff, CHRISTOPHER E. MANCUSO, by and through his attorney, J. F. HECKINGER, P.C., and hereby demands a trial by jury of all issues in the above-entitled case.

CHRISTOPHER E. MANCUSO, Plaintiff,

By: _____
J. F. HECKINGER, P.C., His Attorney.

Prepared by:

J. F. HECKINGER, P.C.
Attorney for Plaintiff
401 West State Street Suite 201
P.O. Box 1492
Rockford, IL 61105
(815) 965-2121

**PLAINTIFF'S EXHIBIT 1**

# APPOINTMENT OF VETERANS SERVICE ( ) AS CLAIMANT'S REPRESENTATIVE

**1. LAST - FIRST - MIDDLE NAME OF VETERAN**
MANCUSO CHRIS EUGENE

**2. VA FILE NUMBER** *(Include prefix)*
345 58 31 55

**3. NAME OF SERVICE ORGANIZATION RECOGNIZED BY THE DEPARTMENT OF VETERANS AFFAIRS** *(See list on reverse side before selecting organization)*

NO DAV

INSTRUCTIONS - TYPE OR PRINT ALL ENTRIES

**4. SOCIAL SECURITY NUMBER**
345 58 31 55

**5. INSURANCE NUMBER(S)** *(Include letter prefix)*

**6A. SERVICE NUMBER(S)**

**6B. BRANCH OF SERVICE**

**7. NAME OF CLAIMANT** *(If other than veteran)*

**8. RELATIONSHIP** *(If other than veteran)*

**9. ADDRESS OF CLAIMANT** *(No. and street or rural route, city or P.O., State and ZIP Code)*
7737 BOULDER ST
LOVES PARK, Il 61111

**10. DATE OF THIS APPOINTMENT**
7-21-97

NOTE: Complete Items 11A and 11B, only if claim filed for disability insurance benefits.

**11A. TYPE OF DISABILITY INSURANCE BENEFITS FILED FOR**
☐ NSLI  ☐ USGLI  ☐ NSLI AND USGLI

**11B. LOCATION OF INSURANCE RECORDS**
☐ PHILADELPHIA  ☐ ST. PAUL

I hereby appoint the above-named service organization as my representative to present my claim for benefits from the Department of Veterans Affairs based on the service of the above-named veteran. I ratify all that the above-named representative shall lawfully do or cause to be done based on this appointment.

The accredited representative *(Check one)* ☒ is authorized, ☐ is not authorized to disclose information necessary in the development of my claim to the local organization named below.

**THIS POWER OF ATTORNEY DOES NOT REQUIRE EXECUTION BEFORE A NOTARY PUBLIC.**

**12. NAME AND ADDRESS OF CHAPTER, POST OR UNIT**

| VA USE ONLY | VA FORM 21-22-1 SENT TO | DATE SENT | ACKNOWLEDGED *(Date)* | REVOKED *(Reason and date)* |
|---|---|---|---|---|
| | ☐ CER FILE ☐ EDU FILE ☐ DEA FILE ☐ INSURANCE FILE ☐ MGIB FILE ☐ LG FILE | | LH 8-1-97 | 2-19-04 in favor of VFW |

**AUTHORIZATION FOR ACCESS TO RECORDS OR INFORMATION PROTECTED BY 38 U.S.C. 7332**
Unless specifically prohibited by me by checking the box below, I hereby authorize access to information or records relating to the diagnosis, treatment, or other therapy for the condition(s) of drug abuse, alcohol abuse, infection with the Human Immunodeficiency Virus (HIV), or Sickle Cell Anemia, that may be contained or maintained in VA claimant records pertaining to me, to the representative named on this appointment form. Redisclosure of the aforementioned information or records by my representative other than to VA, the service organization involved, or the Court of Veterans Appeals, is not authorized without my further written consent. This authorization will remain in effect until specifically revoked by me by filing a written revocation or by appointing a successor power of attorney.

☐ I DO NOT authorize the above-named representative to have access to information in my records relating to drug abuse, alcohol abuse, infection with the Human Immunodeficiency Virus (HIV), or Sickle Cell Anemia.

It is understood that no fee or compensation of whatsoever nature will be charged me for service rendered pursuant to this power of attorney and that this power of attorney may be canceled by me, or by the service organization named, on written notice to the Department of Veterans Affairs.

**13. SIGNATURE OF CLAIMANT**
Chris Mancuso

**14. DATE**
7-21-97

**PRIVACY ACT INFORMATION:** The information on this form is requested under Section 5902 of Title 38 U.S.C. which provides for the recognition of representatives of certain organizations in the preparation, presentation and prosecution of claims under laws administered by the Department of Veterans Affairs; such representatives, upon appointment of claimant, may act for him or her and become entitled to information under provisions of 38 U.S.C. 5701(b). The information will be used to identify your records. Responses may be disclosed outside the Department of Veterans Affairs (VA) only if the disclosure is authorized under the Privacy Act, including the routine uses identified in the VA system of records, 58VA21/22, Compensation, Pension, Education and Rehabilitation Records - VA, published in the Federal Register. Disclosure of requested information is voluntary; however, failure to furnish the information would impose administrative difficulties which may result in a delay in identifying your records and/or in a delay in the appointment of the named organization as your representative.

**RESPONDENT BURDEN:** VA may not conduct or sponsor, and respondent is not required to respond to this collection of information unless it displays a valid OMB Control Number. Public reporting burden for this collection of information is estimated to average 10 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have comments regarding this burden estimate or any other aspect of this collection of information, call 1-800-827-1000 for mailing information on where to send your comments.

**NOTE:** As long as this appointment is in effect the organization named herein will be recognized as the sole agent for presentation of your claim before the Department of Veterans Affairs in connection with your claim or any portion thereof.

VA FORM 21-22       EXISTING STOCKS OF VA FORM 21-22 AUG 1995

**PLAINTIFF'S EXHIBIT 2**

328 ch 40

OMB Approved 2900-0321
Respondent Burden: 5 minutes

# APPOINTMENT OF VETERANS SERVICE ORGANIZATION AS CLAIMANT'S REPRESENTATIVE

**VA Department of Veterans Affairs**

Note — If you would prefer to have an individual assist you with your claim, you may use VA Form 21-22a, "Appointment of Individual As Claimant's Representative."

IMPORTANT - PLEASE READ THE PRIVACY ACT AND RESPONDENT BURDEN ON REVERSE BEFORE COMPLETING THE FORM

| 1. LAST-FIRST-MIDDLE NAME OF VETERAN | 2. VA FILE NUMBER (Include prefix) |
|---|---|
| MANCUSO KATHLEEN S. | 345 58 3155 |

**3A. NAME OF SERVICE ORGANIZATION RECOGNIZED BY THE DEPARTMENT OF VETERANS AFFAIRS** (See list on reverse side before selecting organization)
Veterans of Foreign Wars of the United States

**3B. JOB TITLE OF OFFICIAL REPRESENTATIVE AUTHORIZED TO ACT ON VETERAN'S BEHALF**

Ex-wife

**INSTRUCTIONS - TYPE OR PRINT ALL ENTRIES**

| 4. SOCIAL SECURITY NUMBER | 5. INSURANCE |
|---|---|
| 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 | |

| 6A. SERVICE NUMBER(S) | 6B. BRANCH |
|---|---|

| 7. NAME OF CLAIMANT (If other than veteran) | 8. RELATION |
|---|---|

**9. ADDRESS OF CLAIMANT** (No. and street or rural route, city or P.O., State and ZIP Code)
2240 COLORADO AVE.
ROCKFORD IL 61108

**10. CLAIMANT'S TELEPHONE NUMBER** (Include Area Code)
A. DAYTIME: 815-874-8400
B. EVENING: 815-399-8278

**11. DATE OF THIS APPOINTMENT**
February 19, 2004

**12. AUTHORIZATION FOR REPRESENTATIVE'S ACCESS TO RECORDS PROTECTED BY SECTION 7332, TITLE 38, U.S.C.**

Unless I check the box below, I do not authorize VA to disclose to the service organization named on this appointment form any records that may be in my file relating to treatment for drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus (HIV), or sickle cell anemia.

☒ I authorize the VA facility having custody of my VA claimant records to disclose to the service organization named in Item 3A all treatment records relating to drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus (HIV), or sickle cell anemia. Redisclosure of these records by my service organization representative, other than to VA or the Court of Appeals for Veterans Claims, is not authorized without my further written consent. This authorization will remain in effect until the earlier of the following events: (1) I revoke this authorization by filing a written revocation with VA; or (2) I revoke the appointment of the service organization named above, either by explicit revocation or the appointment of another representative.

**13. LIMITATION OF CONSENT** — My consent in Item 12 for the disclosure of records relating to treatment for drug abuse, alcoholism or alcohol abuse, infection with the human immunodeficiency virus (HIV), or sickle cell anemia is limited as follows:
NONE.

I, the claimant named in Items 1 or 7, hereby appoint the service organization named in Item 3A as my representative to prepare, present and prosecute my claim for any and all benefits from the Department of Veterans Affairs based on the service of the veteran named in Item 1. I authorize the Department of Veterans Affairs to release any and all of my records, to include disclosure of my Federal tax information (other than as provided in Items 12 and 13), to that service organization appointed as my representative. It is understood that no fee or compensation of whatsoever nature will be charged me for service rendered pursuant to this power of attorney. I understand that the service organization I have appointed as my representative may revoke this power of attorney at any time, subject to 38 C.F.R. §20.608. Additionally, in those cases where a veteran's income is being developed because of an income verification necessitated by an Internal Revenue Service verification match, the assignment of the service organization as the veteran's representative is only valid for five years from the date this form is signed for purposes restricted to the verification match. Signed and accepted subject to the foregoing conditions.

**THIS POWER OF ATTORNEY DOES NOT REQUIRE EXECUTION BEFORE A NOTARY PUBLIC**

| 14. SIGNATURE OF CLAIMANT (Do Not Print) | 15. DATE SIGNED |
|---|---|
| x Kathleen S. Mancuso | February 19, 2004 |

| VA USE ONLY | VA FORM 21-22-1 SENT TO: ☐ CER FILE ☐ EDU FILE ☐ INSURANCE FILE ☐ CH. 30 ☐ DEA FILE ☐ LG FILE | DATE SENT | ACKNOWLEDGED (Date) | REVOKED (Reason and date) |
|---|---|---|---|---|

NOTE: As long as this appointment is in effect the organization named herein will be recognized as the sole agent for presentation of your claim before the Department of Veterans Affairs in connection with your claim or any portion thereof.

PLAINTIFF'S EXHIBIT 3

*Incorrect form*

OMB Approved No. 2900-0101
Respondent Burden: 30 minutes

| FIRST, ~~VETERAN~~ | |
|---|---|
| Chris Mancuso | **Department of Veterans Affairs** |

| VETERAN'S SOCIAL SECURITY NUMBER | IMPROVED PENSION ELIGIBILITY VERIFICATION REPORT (SURVIVING SPOUSE WITH CHILDREN) | 9S |
|---|---|---|
| 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 | | |
| SOCIAL SECURITY NUMBER OF ~~SURVIVING SPOUSE~~ CUSTODIAL PARENT | VA FILE NUMBER | |
| 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 | 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 | |
| NAME OF ~~SURVIVING SPOUSE~~ CUSTODIAL PARENT | | |
| Kathleen S. Mancuso | | |

| MAILING ADDRESS OF ~~SURVIVING SPOUSE~~ (Include number and street or rural route, city or P.O., State and ZIP Code) | VA REGIONAL OFFICE RETURN ADDRESS |
|---|---|
| 2240 Colorado Avenue<br>Rockford, IL 61108 | Department of Veterans Affairs<br>Regional Office<br>P.O. Box 8136<br>Chicago, IL 60680 |

IMPORTANT—Please read the enclosed EVR Instructions (VA Form 21-0510) prior to completing this form.

1. MARITAL STATUS (Check only one box)

(1) ☐ I HAVE NOT REMARRIED SINCE THE VETERAN ~~DIED~~ and I divorced. ~~(You have not married anyone since the veteran's death)~~

(2) ☐ I REMARRIED ON _____ (Date) AND I AM STILL MARRIED (You married again after the veteran's death and you are currently married.) Enter the date you married your current spouse.

(3) ☐ I REMARRIED AFTER VETERAN DIED BUT MARRIAGE ENDED BY DEATH OR DIVORCE ON _____ (Date) (You remarried but are not currently married.) Show the date your latest marriage ended.

2. NUMBER OF UNMARRIED DEPENDENT CHILDREN (See Paragraph 1 of the EVR Instructions)

In Your Custody  2   ~~Not In Your Custody~~

Michele A. Mancuso / Nicholas L. Mancuso — unmarried disabled adult child

3A. ARE YOU A PATIENT IN A NURSING HOME?

☐ YES   ☒ NO  (If "YES," Complete Items 3B thru 3D. If "NO," go to Item 4)

| 3B. SHOW THE DATE YOU ENTERED THE NURSING HOME | 3C. ENTER THE NAME AND ADDRESS OF THE NURSING HOME (Please include Zip Code) |
|---|---|
| N/A | |

3D. DOES MEDICAID COVER ALL OR PART OF YOUR NURSING HOME FEES?
☐ YES   ☐ NO

4. DID YOU RECEIVE WAGES OR WERE YOU EMPLOYED AT ANY TIME DURING THE PAST 12 MONTHS?

☒ YES   ☐ NO

5. DO YOU RECEIVE ANY OTHER VA BENEFITS AS A VETERAN, PARENT, OR SURVIVING SPOUSE?

☐ YES   ☒ NO   If "YES", write in the VA file number of the other benefit _____

| 6. VA may be able to allow a deduction from countable income for a surviving spouse's educational expenses. This includes tuition, fees, books, and supplies paid from your funds. Show expenses paid by you during the last 12 months. DO NOT REPORT CHILDREN'S EXPENSES and do not complete this item if you are using this form as a supplement to a pending claim. | $ |
|---|---|
| 7. FAMILY MAINTENANCE (HARDSHIP) EXPENSES FOR NEXT 12 MONTHS: Complete this block ONLY if VA is currently excluding children's income on the grounds of hardship. If this exclusion applies to you, show TOTAL family expenses expected for the NEXT 12 months. If VA is not currently excluding children's income on the grounds of hardship, leave this item blank. | $ |

VA FORM JAN 1997  21-0519S-1    EXISTING STOCKS OF VA FORM 21-0519S-1, ASF FEB 1996, WILL BE USED.   DEPARTMENT OF VETERANS AFFAIRS   (Continued on Reverse)

### 8A. MONTHLY INCOME (Read Paragraphs 2 and 3 of the EVR Instructions)
GROSS MONTHLY AMOUNTS (If none, write "0" or line thru)

| SOURCE | CUSTODIAL PARENT | CHILD: Michele Mancuso | CHILD: |
|---|---|---|---|
| SOCIAL SECURITY (Not SSI) | $ 0 | $ 0 | $ |
| U.S. CIVIL SERVICE | 0 | 0 | |
| U.S. RAILROAD RETIREMENT | 0 | 0 | |
| BLACK LUNG BENEFITS | 0 | 0 | |
| OTHER RETIREMENT | 0 | 0 | |
| OTHER (Show Source) | 0 | 0 | |
| OTHER (Show Source) | 0 | 0 | |
| OTHER (Show Source) | 0 | 0 | |

### 8B. ANNUAL INCOME (Read Paragraphs 2 and 4 of the EVR Instructions)

If no income was received from a particular source, write "0" or line thru. DO NOT LEAVE ANY ITEMS BLANK.

NOTE: Report annual income for the dates indicated. If no dates are written in above the columns that follow, then report current calendar year (January thru December) income in the left-hand column and estimate next calendar year income in the right-hand column.

| SOURCE | CUSTODIAL PARENT FROM: 1/01/04 THRU: 12/31/04 | FROM: 1/01/05 THRU: 12/31/05 | CHILD: Michele Mancuso FROM: 1/01/04 THRU: 12/31/04 | FROM: 1/01/05 THRU: 12/31/05 | CHILD: FROM: THRU: | FROM: THRU: |
|---|---|---|---|---|---|---|
| GROSS WAGES FROM ALL EMPLOYMENT | $ 37,128.00 | $ unknown | $ 0 | $ 0 | $ | $ |
| TOTAL INTEREST AND DIVIDENDS | 0 | 0 | 0 | 0 | | |
| ALL OTHER (Show Source) | 0 | 0 | 0 | 0 | | |
| ALL OTHER (Show Source) | 0 | 0 | 0 | 0 | | |
| ALL OTHER (Show Source) | 0 | 0 | 0 | 0 | | |

8C. DID ANY INCOME CHANGE (Increase/Decrease) DURING THE PAST 12 MONTHS? (Answer "NO" if there were no income changes or if the only change was a Social Security/VA cost-of-living adjustment. Answer "YES" if there were any other income changes or if you received any NEW source of income or any ONE-TIME income.)

(1) ☐ YES  (2) ☒ NO   If you answered "YES" to Item 8C, answer Items 8D, 8E, and 8F

| 8D. WHAT INCOME CHANGED? (Show what income changed; for example, wages, city pension, etc.) | 8E. WHEN DID THE INCOME CHANGE? (Show the dates you received any new income or the date income changed) | 8F. HOW DID INCOME CHANGE? (Explain what happened; for example, quit work, got raise, received inheritance) |
|---|---|---|
| | | |

8G. NET WORTH - Report everything you own except automobiles, household effects, and the value of your home

| SOURCE | Custodial Parent | CHILD Michele Mancuso | CHILD | NOTE: If you or a child own a farm or a building with more than one unit, report the value of the farm or building as "Real Property." However, you may deduct any mortgages and the value of the house or part of the building that is actually occupied as the owner's primary residence. |
|---|---|---|---|---|
| CASH/NON-INTEREST-BEARING BANK ACCTS. | $ 250.00 | $ 100.00 | $ | |
| INTEREST-BEARING BANK ACCOUNTS | 0 | 0 | | |
| IRAs, KEOGH PLANS, ETC. | 0 | 0 | | |
| STOCKS, BONDS, MUTUAL FUNDS, ETC. | 0 | 0 | | |
| REAL PROPERTY (Not your home) | 0 | 0 | | |
| ALL OTHER PROPERTY | 0 | 0 | | |

### FAMILY MEDICAL EXPENSES

Normally, medical expenses are reported at the end of the year. If you are using this form as your annual Eligibility Verification Report and paragraph 5 of the EVR Instructions indicates that you should report medical expenses, request VA Form 21-8416, Medical Expense Report. This is the form you should use to report your medical expenses.

IMPORTANT NOTE: If your current rate of pension is based on allowance of a continuing deduction for nursing home fees or other recurring medical expenses, you MUST complete and return VA Form 21-8416 with your EVR to continue the deduction and avoid reduction or termination of your VA benefits.

If you are using this form as a supplement to a pending claim, you do not need to report medical expenses. If entitlement is established, VA Form 21-8416 will automatically be sent to you at the end of the year.

PENALTY - The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it is false, or fraudulent acceptance of any payment to which you are not entitled.

| 9. SIGNATURE OF PAYEE (Read paragraph 6 of the EVR Instructions before signing) Custodial parent, Kathleen A Mancuso | 10. DATE APR 27 2004 | 11. TELEPHONE NO(S). (Include Area Code) |
|---|---|---|
| | | A. DAYTIME WORK 815/874-8400 | B. EVENING HOME 815/399-8278 |

*U.S.GPO:1997-516-534/83775